### STATE, ex EIKENBARY on BEHALF of HATHAWAY, Plaintiff-Appellant, v. SMITH, et, Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 2026. Decided November 30, 1948.

Herbert M. Eikenbary, Dayton, for plaintiff-appellant.
Mathias M. Heck, Pros. Atty., Dayton, for defendant-appellee.

### OPINION

By THE COURT:

The record in this case discloses that one, Ernest Hathaway, a parolee from the State Penitentiary of the State of Illinois, was permitted to enter the State of Ohio under the terms of the "Uniform Act for Out-of-State Parole Supervision" (§108-1 GC), which is an interstate compact entered into with certain other states for out-of-state parole supervision. That while in this state, the said Ernest Hathaway, violated the terms and conditions of his parole resulting in a warrant for his arrest as a parole violator being issued in the State of Illinois. The warrant was served upon the alleged parole violator in Ohio, and he is now in the custody of Ben Smith, the sheriff of Montgomery County, who is the respondent in this action for a writ of habeas corpus. The action originated in the Court of Common Pleas which denied the writ and it is from this judgment that the appeal is prosecuted on questions of law.

The question here presented is the constitutionality of §108-1 GC, although the appellant does not state in what respect the constitution is violated. The part of the "Uniform Act" applicable is found in Section 3 and reads as follows:

"* * * All legal requirements to obtain extradition of fugitives from justice are expressly waived on the part of the state, party hereto, as to such persons. The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state: * * *."

The appellant has cited as his only authority **78 O. L. R. 419,** and 22 Am. Jur. 264, neither of which is in point as they are both on the subject of extradition. They make no reference to the "Uniform Act for Out-of-State Supervision", which defines the procedure in the case at bar. The State of Illinois is not seeking the return of the prisoner under the extradition statutes of this state. Counsel for the appellee has cited the case of In Re Tenner, 20 Cal. (2d) 671. Syllabus 4 of which provides:

"Since the Uniform Act for Out-of-State Parolee Supervision applies uniformly to all parolees from states which are party to the compact entered into pursuant thereto, a parolee may not complain that the statute deprives him of the equal protection of the laws."

We are in full accord with the holding of the Tenner case, supra, and are, therefore, of the opinion that none of the prisoner's constitutional rights have been infringed upon.

Judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.